IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TREMAIN HUTCHINSON, ) | |
| ) | |
| Movant, ) | CIVIL ACTION FILE |
| ) | 1:16-cv-37-TCB |
| v. ) | |
| ) | CRIMINAL CASE NO. |
| UNITED STATES OF AMERICA, ) | 1:12-cr-409-TCB |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on Movant Tremain Hutchinson's objections [122] to Magistrate Judge Russell G. Vineyard's Report and Recommendation (the "R&R") [118], which recommends that Hutchinson's 28 U.S.C. § 2255 motion to vacate sentence be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982)).[1] This review may take different forms, however,

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th

depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

---

Cir. 2009) (discussing the continuing validity of *Nettles*).

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to de novo review).

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

Hutchinson pled guilty to two counts of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e), two counts of enticing and coercing minors to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b), and one count of transferring obscene

material to minors, in violation of 18 U.S.C. § 1470. [85]. The Court imposed a total sentence of life imprisonment. [92].

Hutchinson appealed, arguing only that his sentence was procedurally and substantively unreasonable. Br. of Appellant at 12-20 (May 27, 2014), *United States v. Hutchinson*, 588 F. App'x 894 (11th Cir. 2014) (No. 14-10161), 2014 WL 2557609, at *12-20. On October 8, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed Hutchinson's sentence. *Hutchinson*, 588 F. App'x at 899-900.

In this timely filed § 2255 motion, Hutchinson raises the following grounds for relief: (1) counsel was ineffective for (a) failing to establish an adequate factual basis on the record by stating the exact facts to which Hutchinson agreed and (b) allowing Hutchinson to plead guilty when the Court failed to list and explain every element of the crimes to which he pled guilty; (2) counsel was also ineffective for allowing Hutchinson to plead guilty when the Court failed to establish a factual basis as to every conjunctively-pled manner of committing the crimes to which he pled guilty; (3) counsel was ineffective for failing to move to

dismiss the indictment on the ground that Congress does not have the authority under the Commerce Clause to criminalize the conduct at issue; (4) counsel was further ineffective for not moving to dismiss the indictment on the ground that his conviction violates the Tenth Amendment because the State of Georgia could have prosecuted his conduct; (5) Congress does not have the authority under the Commerce Clause to criminalize the conduct at issue; and (6) his conviction violates the Tenth Amendment because the State of Georgia could have prosecuted his conduct. [106] at 4-9, 13-21; [106-1] at 2-29. The Government responds that all of Hutchinson's claims lack merit and that grounds five and six are also procedurally defaulted. [114] at 2-3, 9-24.

      Magistrate Judge Vineyard agreed with the Government, finding that grounds five and six are procedurally defaulted and that Hutchinson's remaining grounds lack merit. Hutchinson's objections merely reiterate arguments that he presented to Magistrate Judge Vineyard. Having conducted a careful and complete review of the R&R

and Hutchinson's objections thereto, the Court finds that Magistrate Judge Vineyard's factual and legal conclusions were correct and that Hutchinson's objections have no merit.

Accordingly, the Court adopts as its Order the R&R [118], denies Hutchinson's § 2255 motion [106], and declines to issue a certificate of appealability. The Clerk is directed to close the case.

IT IS SO ORDERED this 9th day of August, 2016.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE